IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HET-JV, HUNG-YI CONSTRUCTION CO., LTD., EVERGREEN INTERNATIONAL ENGINEERING CORP., and TA CHEN CONSTRUCTION & ENGINEERING CORP., <br>           Movants, <br> <br> v. <br> <br> WESTON SOLUTIONS, INC., <br> <br>           Respondent. | MISCELLANEOUS ACTION <br> <br> NO. 13-100 |

DuBois, J.                                                                                                                  June 3, 2013

# M E M O R A N D U M

## I.     INTRODUCTION

This is a breach of contract case.  Movants HET-JV, Hung-Yi Construction, Evergreen International Engineering Corp., and TA Chen Construction & Engineering Corp. (collectively "HET") were engaged as subcontractors by respondent Weston Solutions, Inc. ("Weston") in a construction project for the United States government in Taipei, Taiwan, at the American Institute in Taiwan.  Due to numerous problems that affected construction, Weston first declared HET in default and later formally terminated the contract with HET for default.  The parties participated in arbitration before the International Center for Disputes Resolution ("ICDR"), in which the proceedings were bifurcated into liability and damages phases.  In deciding issues of liability, the tribunal ruled, inter alia, that Weston was entitled to damages incurred as a result of HET's default.  HET now moves to vacate the arbitration award on the grounds that the arbitrators imperfectly executed their powers and manifestly disregarded the law.  Weston has filed a Counter-Motion

1

for Confirmation of the Arbitration Award.  For the reasons that follow, the Court denies both HET's Motion and Weston's Counter-Motion.

## II.  BACKGROUND

The facts of this case are set forth in detail in the arbitration panel's Interim Decision. (See Counter-Mot. Ex. A.)  In addition, because the Court declines to review the Interim Decision at this stage of the proceedings, the Court will only recite those facts necessary to explain its rulings on the instant motions.

The following facts are not materially in dispute.  In 2009, Weston was awarded a prime contract to design and build a new office building project at the American Institute in Taiwan. Weston then subcontracted most of the required construction to HET.  During the course of the project, "disagreements developed" between Weston and HET concerning HET's performance of the subcontract, and Weston declared HET in default on October 20, 2010.  (Counter-Mot. at 3); (Mot. at 7.)  Weston later formally terminated the contract with HET by reason of the default on March 8, 2011.

The subcontract required the parties to submit any disputes to binding arbitration before the ICDR, and in September of 2011 Weston filed a Notice of Arbitration, seeking damages in excess of $39,500,000.  HET filed a Statement of Defense and Counterclaim, seeking damages between $8 million and $11 million.  The parties and the tribunal agreed that the proceedings should be bifurcated, with Phase One proceedings addressing liability and Phase Two addressing damages. In the Phase One proceedings, the parties submitted lengthy witness statements and engaged in seventeen days of evidentiary hearings.  The tribunal issued its Interim Decision as to liability on January 9, 2013, ruling, inter alia, that "Weston is entitled to seek recovery of any damages it may

2

have incurred resulting from HET's default and the termination of HET's performance, and HET is entitled to seek a set-off for the Subcontract Work actually performed . . . ." (Counter-Mot. Ex. A at 42.)

HET then moved pursuant to Rule 30 of the ICDR Arbitration Rules for an interpretation of the Interim Decision. HET sought a more "explicit ruling on whether Weston's March 8, 2011 default termination of HET was valid . . . ." (Mot. at 20.) The tribunal dismissed HET's motion. HET then filed the instant Motion to vacate the liability award in this Court, and Weston filed its Counter-Motion to Confirm the Arbitration Award.

### III. LEGAL STANDARD

The party moving to vacate an arbitration award bears the burden of proof. <u>Grosso v. Salomon Smith Barney, Inc.</u>, 2003 U.S. Dist. Lexis 20208 (E.D. Pa. Oct. 24, 2003). Where a party has agreed to arbitrate a dispute, the court will set the arbitration decision aside "only in very unusual circumstances." <u>First Options v. Kaplan</u>, 514 U.S. 938, 942 (1995).

The parties agree that the Federal Arbitration Act ("FAA") applies to this case. Under the FAA, a district court may vacate an arbitration award only:

(1) where the award was procured by corruption, fraud, or undue means;

(2) where there was evident partiality or corruption in the arbitrators, or either of them;

(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a

mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).

## IV. DISCUSSION

As a threshold matter, Weston argues that the Court should not review the Interim Decision at this time. Specifically, Weston claims that because the Interim Decision determines only the liability of the parties and not damages, it does not constitute a final award reviewable by the Court.

District courts may only vacate or confirm arbitration decisions which involve a final award. See Travelers Insurance Co. v. Davis, 490 F.2d 536, 541-42 n. 12 (3d Cir. 1974); Michaels v. Mariforum Shipping, S. A., 624 F.2d 411, 414 (2d Cir. 1980) ("Under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., a district court does not have the power to review an interlocutory ruling by an arbitration panel. . . . it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court . . . .").

The Third Circuit adheres to the "complete arbitration" rule, which precludes review of arbitration until all issues are finally decided by the arbitrators. For example, Pub. Serv. Elec. & Gas Co. v. Sys. Council U-2, Int'l Bhd. of Elec. Workers, AFL-CIO, 703 F.2d 68 (3d Cir. 1983) concerned whether a district court had jurisdiction to vacate a liability determination by an arbitration panel in bifurcated proceedings under the Labor Management Relations Act ("LMRA"). The Third Circuit held that, "[r]eview of the decision at this stage would disrupt and delay the arbitration process and could result in piecemeal litigation." Id. at 70. That is, if the court upheld the arbitrators' liability ruling, "and the parties did not thereafter agree upon a remedy, the panel would be required to impose one. The company could then repetition the

4

district court to review that remedy.  We see no legitimate reason for allowing such piecemeal litigation." Id.  The Court accordingly ruled that the district court was without jurisdiction to vacate the liability determination.  Id.

The Third Circuit revisited this issue in Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d 608, 609 (3d Cir. 1990) and affirmed the policy considerations underlying System Council U-2.  Specifically, the Third Circuit cited System Council U-2 in reiterating that failure to apply the "complete arbitration" rule precluded the court from being in a "position to resolve the entire dispute and put an end to this controversy.  This is, indeed, precisely the type of 'fragmented litigation' the district court should have been vigilant to avoid." Id. at 611.  The Third Circuit found that many arbitrators "defer determination of the remedy," and that "[i]n principle, there is nothing wrong with this practice." Id.  However, that court went on to state that "we must take care to ensure that parties do not use these 'time outs' as an opportunity to rush to court, either to preserve what they have just won, or (more often) to forestall a process that is not turning out as they might have wished."  Id.

In accordance with such considerations, district courts in this circuit have continued to follow System Council U-2 and Union Switch, precluding review of arbitration in situations analogous to this case.  See e.g., Ernest Disabatino & Sons, Inc. v. Metro. Reg'l Council of Carpenters, 2005 WL 885165, at *3 (D. Del. Feb. 28, 2005) (citing System Council U-2 and Union Switch to hold that "the arbitration decision is not a final and binding order . . . because the arbitrator has yet to consider the issue of damages.").

HET contends that the above cases are distinguishable because they dealt with arbitration under the LMRA rather than the FAA.  The Court disagrees.  First, the Third Circuit's statements

5

in System Council U-2 and Union Switch describe policy goals pertaining to arbitration in general, rather than labor arbitration only.  Such holdings are therefore equally applicable to this case under the FAA.  See also Lloyd v. HOVENSA, LLC., 369 F.3d 263, 270 (3d Cir. 2004) ("The legislative scheme of the FAA thus reflects a policy decision that, if a district court determines that arbitration of a claim is called for, the judicial system's interference with the arbitral process should end unless and until there is a final award.")

Second, "[b]oth the LMRA and the FAA generally require an arbitrator's decision to be 'final' for a litigant to be entitled to judicial review."  New United Motor Mfg., Inc. v. United Auto Workers Local 2244, 617 F. Supp. 2d 948, 954 (N.D. Cal. 2008).  Courts have addressed questions of finality for judicial review purposes under the LMRA by reference to the similar requirement under the FAA.  See e.g., McKinney Restoration, Co., Inc. v. Illinois Dist. Council No. 1 of Int'l Union of Bricklayers & Allied Craftworkers, 392 F.3d 867, 871 (7th Cir. 2004) (noting "complete arbitration" rule, and analyzing finality of LMRA arbitration by analogizing to case discussing the FAA).

Third and finally, courts have noted the general similarity in the standard of review and guiding legal principles under the LMRA and the FAA.  See e.g., United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29, 41, n.9 (1987) (noting that "federal courts have often looked to the [FAA] for guidance in labor arbitration cases . . . . "); Int'l Chem. Workers Union v. Columbian Chemicals Co., 331 F.3d 491, 495 (5th Cir. 2003) ("Review of an arbitration award under both the LMRA and the FAA remains extraordinarily narrow."); International Union of Operating Engineers v. Murphy Co., 82 F.3d 185, 188-89 (7th Cir. 1996) (citing case for the proposition that the FAA and the LMRA establish the same governing principles and that courts

6

routinely cite decisions under one statute as authority for decisions under the other).

This Court follows System Council U-2 and Union Switch in declining to review the Interim Decision on the current state of the record.  The Court is mindful of the Third Circuit's repeated admonition to avoid the "pitfalls" of "fragmented litigation" that may result from review of an incomplete arbitration decision.  See Union Switch, 900 F.2d at 611; see also John Hancock Mut. Life Ins. Co. v. Olick, 151 F.3d 132, 136 (3d Cir. 1998) ("[W]e have consistently admonished the courts to exercise the utmost restraint and to tread gingerly before intruding upon the arbitral process.") (internal quotations omitted).  Just as in System Council U-2, a ruling upholding the tribunal's liability determination at this stage could lead to a later remedy determination, and the parties "could then repetition the [Court] to review that remedy."  703 F.2d at 70.  In accordance with the law of this circuit, the Court will not permit such piecemeal litigation.  The Court declines to review the Interim Decision at this time.

## V.     CONCLUSION

For the foregoing reasons, the Court denies both HET's Motion to Vacate the Award and Weston's Counter-Motion for Confirmation of the Arbitration Award.  An appropriate order follows.